IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONTAVIUS CHANCY,

    Plaintiff,

      v.

JEFF BRUNO
in his individual capacity, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1083-TWT

**OPINION AND ORDER**

This is a race discrimination action. It is before the Court on the Plaintiff

Dontavius Chancy's Motion for Partial Summary Judgment [Doc. 53], the Defendant

Jeff Bruno's Motion for Summary Judgment [Doc. 70], and the Defendant Jeff

Bruno's Motion for Partial Summary Judgment [Doc. 75]. For the reasons set forth

below, the Plaintiff Dontavius Chancy's Motion for Partial Summary Judgment [Doc.

53] is DENIED, the Defendant Jeff Bruno's Motion for Summary Judgment [Doc. 70]

is GRANTED, and the Defendant Jeff Bruno's Motion for Partial Summary Judgment

[Doc. 75] is GRANTED.

T:\ORDERS\14\Chancy\msjtwt.wpd

# I. Background

This case arises out of an altercation that took place between the Plaintiff Dontavius Chancy and three other individuals in the parking lot of a bar located in Covington, Georgia. The Plaintiff claims that, on April 29, 2012, three men – Russell Payne, Brian Ragan, and Michael Jones – followed him as he left a bar, and began threatening him. The Plaintiff claims that their motivation was race-related. A conflict broke out – both verbal and physical – although the parties disagree as to its details. However, all parties agree that the Plaintiff displayed a firearm to the other three men during the encounter. The Plaintiff later filed a report with the Covington Police Department, which indicated that he had been "battered by three white males."[1] The Defendant Jeff Bruno was assigned the case, and he began an investigation.[2] As part of his investigation, the Defendant interviewed the Plaintiff and the other participants in the altercation.[3] During their interviews, Ragan, Payne, and Jones told the Defendant that the Plaintiff had pointed a firearm at them.[4]

Based on the findings of his investigation, the Defendant decided there was probable cause to charge Ragan and Payne for battery, and probable cause to charge

---

[1]     Def.'s Statement of Facts in Resp. to Pl.'s Mot. for Partial Summ. J. ¶ 3.

[2]     Def.'s Statement of Facts in Resp. to Pl.'s Mot. for Partial Summ. J. ¶ 4.

[3]     Def.'s Statement of Facts in Resp. to Pl.'s Mot. for Partial Summ. J. ¶ 5.

[4]     Def.'s Statement of Facts in Supp. of Def.'s Mot. for Partial Summ. J. ¶ 8; see also Pl.'s Statement of Facts ¶ 5.

the Plaintiff for violating O.C.G.A. § 16-11-102, which states that "[a] person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded." The Defendant then applied for and secured arrest warrants for the Plaintiff, Payne, and Ragan.[5] On April 10, 2013, all of the charges against all three parties were dismissed.[6]

The Plaintiff brought suit against the Defendant Jeff Bruno, as well as Russell Payne, Brian Ragan, and Michael Jones. The Plaintiff asserted claims for (1) false arrest (section 1983), (2) access-to-courts (section 1983), and (3) unlawful discrimination (section 1981). The Defendant Jeff Bruno now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[7] The court should view the evidence and any inferences that may be drawn in the light most favorable to the

---

[5]      Def.'s Statement of Facts in Resp. to Pl.'s Mot. for Partial Summ. J. ¶ 12; Pl.'s Statement of Facts ¶¶ 11-12.

[6]      Def.'s Statement of Facts in Resp. to Pl.'s Mot. for Partial Summ. J. ¶ 13.

[7]      FED. R. CIV. P. 56(c).

nonmovant.[8] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[9] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[10] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[11]

## III. Discussion

### A. Malicious Prosecution (section 1983)

As an initial matter, the Plaintiff frames his claim as one for false arrest. However, the Eleventh Circuit has clarified that when a section 1983 action is based on an arrest made pursuant to a warrant, the proper claim is for malicious prosecution, not false arrest.[12] Thus, the Court will assess the Plaintiff's claim under the legal

---

[8]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[9]     Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[10]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[11]     Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

[12]     See Carter v. Gore, 557 Fed. Appx. 904, 906 (11th Cir. 2014) ("The issuance of a warrant . . . even an invalid one . . . constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); Whiting v. Traylor, 85 F.3d 581, 585 n.7 (11th Cir. 1996) ("An arrest following the issuance of an information is an arrest as part of a prosecution . . . [and so] [w]here an arrest is made after the filing of an information

standard for malicious prosecution. To establish a malicious prosecution claim under

section 1983, "the plaintiff must prove a violation of his Fourth Amendment right to

be free from unreasonable seizures in addition to the elements of the common law tort

of malicious prosecution."[13] The "constituent elements of the common law tort of

malicious prosecution include[]: (1) a criminal prosecution instituted or continued by

the present defendant; (2) with malice and without probable cause; (3) that terminated

in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."[14]

However, there may be no section 1983 liability if an officer is entitled to qualified

immunity.[15] To defeat a qualified immunity defense, the Plaintiff must show that the

alleged constitutional violation was "clearly established."[16] For a violation to be

"clearly established," the "contours of the right must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right."[17] Thus,

in this context, the Defendant "will not be immune if, on an objective basis, it is

_____

and the arrest is the basis of a Fourth Amendment section 1983 claim . . . the tort of
malicious prosecution is the most analogous tort to the section 1983 claim.").

[13]   Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003).

[14]   Id. at 881-82.

[15]   See Pearson v. Callahan, 555 U.S. 223, 231 (2009).

[16]   See id. at 232.

[17]   Anderson v. Creighton, 483 U.S. 635, 640 (1987).

obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized."[18] The "qualified immunity defense is a question of law to be decided by the court."[19]

Here, the Defendant is entitled to qualified immunity. In particular, the Plaintiff has failed to establish that no reasonably competent officer would have believed there was probable cause to support an arrest warrant for the Plaintiff. As noted above, O.C.G.A. § 16-11-102 indicates that "[a] person is guilty of a misdemeanor when he intentionally and *without legal justification* points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded."[20] There is no dispute that the Plaintiff "point[ed] . . . a gun . . . at another," and so the only issue is whether a reasonably competent officer could have believed, based on the available evidence, that the Plaintiff did it without legal justification. In making his decision, the Defendant considered the testimony of all participants in the altercation. In his interview, Ragan indicated that the Plaintiff and Payne were simply exchanging words when the Plaintiff went into his vehicle, retrieved his firearm, and pointed it at

---

[18]     <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

[19]     <u>Ansley v. Heinrich</u>, 925 F.2d 1339, 1345 (11th Cir. 1991).

[20]     O.C.G.A. § 16-11-102 (emphasis added).

Payne.[21] Ragan testified that the physical contact only took place *after* the Plaintiff displayed his gun.[22] In Payne's interview, Payne confirmed this version of the events.[23] Even more, Jones testified that he was actually in the process of pushing Ragan and Payne away from the Plaintiff when the Plaintiff chose to retrieve his firearm.[24] Although the Plaintiff indicated that he felt threatened, it is certainly not obvious that *no* reasonably competent officer – based on *all* of the evidence – would have concluded that there was probable cause for arresting the Plaintiff under O.C.G.A. § 16-11-102.

The Plaintiff makes a number of arguments in response. First, the Plaintiff argues that the affidavit that the Defendant submitted to the Magistrate Judge was "conclusory," and did not include evidence justifying a finding of probable cause.[25] However, "qualified immunity is not lost when all the evidence available to the officer establishes at least arguable probable cause, even if this evidence is not listed in an

---

[21]     Bruno Aff., Ex. B at 8.

[22]     Bruno Aff., Ex. B at 9.

[23]     Bruno Aff., Ex. C at 5-6, 9-10.

[24]     Bruno Aff., Ex. D at 10-11.

[25]     Pl.'s Mot. for Summ. J., at 3.

affidavit."[26] The Plaintiff then argues that the Defendant admitted – in the Defendant's deposition – that the Plaintiff likely pointed the gun at the other men in order to defend himself.[27] But this does not mean that the Defendant admitted that the Plaintiff's act of self-defense was *legally justified* under O.C.G.A. § 16-11-102. More importantly, for the qualified immunity inquiry, the Defendant's admission does not show that *no* reasonable officer would have believed that the Plaintiff pointed his gun at another without legal justification.

Finally, the Plaintiff argues that the Defendant, by failing to include certain information in the affidavit supporting the warrant, violated the Fourth Amendment as per the Supreme Court's decision in Franks v. Delaware.[28] In particular, the Plaintiff points out that the Defendant did not notify the Magistrate Judge that the Plaintiff was surrounded by three men and was subject to racial slurs. In Franks v. Delaware, the "Supreme Court . . . held that the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant."[29] Additionally, "a warrant affidavit violates the Fourth Amendment when it contains

---

[26]    Carter, 557 Fed. Appx. at 909.

[27]    Pl.'s Reply Br., at 5-6.

[28]    438 U.S. 154 (1978).

[29]    Kelly v. Curtis, 21 F.3d 1544, 1554 (11th Cir. 1994).

*omissions* made intentionally or with a reckless disregard for the accuracy of the affidavit."[30] However, "the rule does not apply to *negligent* . . . omissions."[31] An "officer would not be entitled to qualified immunity when the facts omitted . . . were . . . so *clearly material* that every reasonable law officer would have known that their omission would lead to . . . [a] violation of federal law."[32] Omitted facts are "clearly material" if "in the light of pre-existing law . . . the facts . . . clearly would have negated probable cause if those facts had been included."[33] Here, the Defendant is still entitled to qualified immunity. The Plaintiff has cited to no case indicating that merely being surrounded by multiple people, and being subject to offensive language, legally justifies brandishing a firearm. Thus, it cannot be said that the omitted information was "clearly material" to the issue of whether there was probable cause to arrest the Plaintiff under O.C.G.A. § 16-11-102.[34] Accordingly, the Defendant is entitled to

---

[30]   Madiwale v. Savaiko, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (internal quotation marks omitted) (emphasis added).

[31]   Kelly, 21 F.3d at 1554.

[32]   Madiwale, 117 F.3d at 1327.

[33]   Haygood v. Johnson, 70 F.3d 92, 95 (11th Cir. 1995).

[34]   It is also worth noting that the warrant expressly noted that the Plaintiff brandished his firearm *during a fight*. Bruno Dep., Ex. 14. Thus, the Defendant's omission did not create the impression that the Plaintiff pointed his gun at another without any provocation.

judgment as a matter of law on the Plaintiff's section 1983 malicious prosecution claim.

## B. Access to Courts (section 1983)

The Plaintiff claims that the Defendant interfered with the Plaintiff's ability to access the judicial system to seek relief. In particular, the Plaintiff argues that the Defendant initially withheld from the Plaintiff the names of the three other men involved in the altercation.[35] Access to the courts "is a right grounded in several constitutional amendments, including the First, Fifth and Fourteenth Amendments."[36] To "pass constitutional muster, access to the courts must be more than merely formal; it must also be adequate, effective, and meaningful."[37] The "constitutional right is lost where . . . police officials shield from the public . . . key facts which would form the basis of . . . [a party's] claims for redress."[38] Additionally, "[t]o assert an access-to-the-courts claim, the plaintiff must possess a non-frivolous, arguable

---

[35]     Compl. ¶¶ 36, 65.

[36]     Dennis v. Schwarzauer, 496 Fed. Appx. 958, 959 (11th Cir. 2012).

[37]     Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003).

[38]     Id. at 1283 (quoting Bell v. Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984)).

underlying cause of action, the presentation of which was prevented by the defendant."[39]

Here, the Defendant has not materially interfered with the Plaintiff's ability to bring suit against the other three men involved in the altercation. Ragan's and Payne's names were on their arrest warrants, which were made public,[40] and the Defendant testified that he spoke to someone in the office of the Plaintiff's counsel and gave her the names as well.[41] Thus, it is unclear how the Defendant impeded the Plaintiff's ability to bring suit. Indeed, the Plaintiff has asserted civil claims against Ragan, Payne, and Jones *in this lawsuit*. Accordingly, the Defendant is entitled to judgment as a matter of law on the Plaintiff's section 1983 access-to-courts claim.[42]

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiff Dontavius Chancy's Motion for Partial Summary Judgment [Doc. 53], GRANTS the Defendant Jeff Bruno's

---

[39]    <u>Dennis</u>, 496 Fed. Appx. at 959.

[40]    Def.'s Mot. for Summ. J. on the Pl.'s Access to Courts Claim, at 14.

[41]    Bruno Dep., at 37-39.

[42]    The Defendant also moves for summary judgment on the Plaintiff's section 1981 claim. However, in his response, the Plaintiff clarifies that he is not asserting the section 1981 claim against the Defendant.

Motion for Summary Judgment [Doc. 70], and GRANTS the Defendant Jeff Bruno's

Motion for Partial Summary Judgment [Doc. 75].

     SO ORDERED, this 8 day of May, 2015.


                    /s/Thomas W. Thrash
                    THOMAS W. THRASH, JR.
                    United States District Judge